[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant moves for partial summary judgment on the grounds that the substituted plaintiff is an alleged unauthorized assignee of the original plaintiff.
On July 15, 1994, the plaintiff, Principal Mutual Life Insurance Company, filed a substituted complaint in six counts, against the defendants, BVH Engineers, Inc., and Hartford Roofing, alleging breach of contract, negligence and breach of warranty against both defendants, arising out of the installation of a roof on a building ("Gold Building"). The matter had been commenced by the plaintiff's predecessor, Colonial Gold, Ltd., on June 1, 1991, and after a Stipulated Judgment of Foreclosure, Principal Mutual Life filed the substituted complaint, alleging that it is the present owner of the Gold Building.
Hartford Roofing moved for summary judgment on counts four and six, which allege breach of contract and breach of warranty, respectively. Hartford Roofing argues that it has no contractual relationship with Principal Mutual Life, and that CT Page 3573 an anti-assignment clause in the Hartford Roofing-Colonial Gold, Ltd. contract bars Principal Mutual Life from asserting these claims.
Principal Mutual Life filed an objection to Hartford Roofing's motion for summary judgment.
"Pursuant to Practice Book Section 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 105, 639 A.2d 507 (1994). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id.
The plaintiff contends that their substituted complaint does not seek to impose liability on Hartford Roofing on the grounds that Principal Mutual Life is an assignee of Colonial Gold, but because it is a successor in interest of Colonial Gold by virtue of a Mortgage and Security Agreement. Principal Mutual Life asserts that it has stepped into the shoes of Colonial Gold.
An assignee is "[a] person to whom an assignment is made grantee." Black's Law Dictionary (6th ed. 1990). In contrast, a successor in interest is:
 One who follows another in ownership or control of property. In order to be a "successor in interest", a party must continue to retain the same rights as original owner without change in ownership and there must be change in form only and not in substance, and transferee is not a "successor in interest."
Id.
An issue of fact exists as to whether Principal Mutual Life is an assignee or a successor in interest. Accordingly, the motion for partial summary judgment is denied.
Mary R. Hennessey, Judge CT Page 3574